UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Byron Martin,                    :
          Plaintiff,             :
                                 :
     v.                          :        File No. 1:06-CV-100
                                 :
CCA-LAC Medical                  :
Department,                      :
          Defendant.             :

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Papers 18 and 21)

     Plaintiff Byron Martin, a Vermont inmate proceeding
*pro se*, is suing the prison medical department for its
alleged refusal to provide him with free vitamins.
Martin was allegedly diagnosed with Hepatitis C three or
four years ago, and a Vermont physician prescribed
vitamins as treatment.  This treatment continued until
one year ago, when the medical department informed Martin
that he would have to purchase his vitamins at the prison
canteen.  Martin claims that he cannot afford to buy the
vitamins, and that despite his efforts to prove
indigency, he has been deprived his "medication" and is
now suffering from liver pain.

     Pending before the Court is Martin's motion to
voluntarily dismiss his complaint or, in the alternative,
for a stay.  In his motion, Martin explains that he will

soon be released from prison and that "it would be far better to get adjusted once I get out . . . ." He also reports that, in addition to Hepatitis C, he has been diagnosed with Hepatitis B. Martin states that he needs at least six months "to get out of prison and then I will begin this lawsuit up again." (Paper 18).

The defendant does not oppose dismissal without prejudice, but asks the Court to impose several conditions. Those conditions include: (1) requiring Martin, when he re-files, to submit a new, updated complaint; (2) require that the complaint attach answers to the defendant's currently outstanding discovery requests; (3) require that the re-filing occur within one year. The defendant also asks that the complaint be served pursuant to Rule 4, rather than merely sent to counsel. In accord with this last condition, counsel for the defendant has moved to withdraw effective on the date of dismissal.

Rule 41(a) governs the process by which a plaintiff may voluntarily dismiss an action. Fed. R. Civ. P. 41(a). In the absence of a stipulation of dismissal signed by all parties, a plaintiff must seek leave of the

Court to voluntarily dismiss after the adverse party has served either an answer or a motion for summary judgment. Id.  An action may be dismissed by Court order according to the dictates of Rule 41(a)(2), which specifies:

> [A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.  If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court.  Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).  No counterclaims have been filed in this case.

Generally, a district court may exercise its discretion to permit a plaintiff to dismiss an action pursuant to Rule 41(a)(2) "if the defendant will not be prejudiced thereby."  Correspondent Services Corp. v. First Equities Corp. of Fla., 338 F.3d 119, 126 (2d Cir. 2003).  Factors relevant to the exercise of the court's discretion include: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense

3

in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." Catanzano v. Wing, 277 F.3d 99, 109-10 (2d Cir. 2001) (citing Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)).

Here, Martin's diligence and the question of vexatiousness have not been raised by the defendant as grounds either for denying his motion, or for imposing conditions on dismissal.  Discovery is not set to expire until June 22, 2007, and the case is not due to be ready for trial for another six months.  Because there has not yet been much discovery, the duplicative expense of relitigation should be relatively small.  Finally, the Court should accept Martin's reason for requesting dismissal – his imminent release from prison and need to adjust to a new environment – as adequate.

With respect to the defendant's requests for conditions, the Court should be reluctant to dictate the contents of any future complaint.  The defendant contends that Martin's current claims are not entirely accurate and need to be altered or supplemented.  Because of the defendant's motion, Martin is now aware of the alleged

4

inaccuracies and may address those issues as he deems
necessary.  The Court should also be reluctant to impose
any sort of a statute of limitations other than those
dictated by the law.  Martin's future complaint, when
filed, will be treated as a new filing, will need to be
served as a new complaint and will be subject to any
relevant statute of limitations.  No other conditions
should be imposed on Martin's access to this Court.

Accordingly, I recommend that Martin's motion for
voluntary dismissal be GRANTED, and that this case be
DISMISSED without prejudice pursuant to Fed. R. Civ. P.
41(a)(2).  Counsel's motion to withdraw is GRANTED.  If
Martin seeks to bring his claims again in a future
action, his complaint shall be filed as a new action and
shall be served pursuant to the Federal Rules of Civil
Procedure.  I recommend that no other conditions be
placed upon Martin's filing.

<u>Conclusion</u>

For the reasons set forth above, counsel's motion to
withdraw (Paper 21) is GRANTED.  I recommend that
Martin's motion for voluntary dismissal (Paper 18) be
GRANTED, and that this case be DISMISSED without

prejudice.

Dated at Burlington, in the District of Vermont, this 10th day of April, 2007.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).